ON MOTION TO EXPEDITE
PER CURIAM.
This appeal is from a revocation of probation and imposition of sentence of two years with the Department of Corrections. Due to the fact that appellant’s sentence may otherwise expire before disposition of this appeal, counsel for appellant filed a motion to expedite.
Prior to filing the motion to expedite, the following pertinent events took place. The notice of appeal was filed February 9,1987, and the record was prepared in a timely fashion. Counsel for appellant then received two 30-day extensions of time for filing the initial brief. Approximately one week after filing the second motion for extension, counsel moved to supplement the record and to extend the time for serving the initial brief to 30 days after receipt of the supplemental record. The motion to supplement did not state the position of opposing counsel and therefore was held for a reasonable length of time before it was granted by this court.
An order was entered granting the motion to supplement the record, permitting 10 days to supplement and 20 days thereafter to serve the initial brief. That order also provided that no further extensions of time would be granted except in case of emergency. The initial brief was ultimately filed four days late, but accepted as timely. Appellee’s answer brief was also untimely filed, and was accompanied by a motion to accept the brief as timely. Counsel for appellant expressed no opposition to *1080 the untimeliness of the brief, (obviously, counsel for appellant was in no position to object at this point) however, appellee’s answer brief was replete with factual references which were not supported by the record and appellant moved to strike it. Appellee was ordered to show cause why the motion to strike should not be granted. Appellee did not respond and therefore the brief was stricken with permission to amend. The amended answer brief was filed August 11, 1987.
Now, appellant moves to expedite, for the first time bringing to the court’s attention the nature of the issue on appeal and the short term of appellant’s sentence. If this case is not expedited, any relief to which appellant is entitled may be rendered moot by the mere passage of time. We grant the motion to expedite out of consideration for appellant. However, we are constrained to point out that the motion is untimely filed and counsel has not offered any justification for the failure to expedite this case sooner.
We are cognizant of the heavy case load carried by the public defender in this district. However, we are also aware that there is, or should be, a screening process in the public defender’s office for the assignment of cases to assistant public defenders. At that point, cases which are in need of expedited treatment should be recognized and that need should be brought to this court’s attention. Furthermore, the public defender’s office itself should afford such cases expedited treatment by ensuring that briefs are timely filed and motions tolling the time or seeking extensions of time are kept to a minimum.
Because we are confident that the Public Defender will take steps to prevent this type of delay in the future, the motion to expedite is granted, and no sanctions due to the untimeliness of the motion will be imposed in this case.
MILLS, JOANOS and BARFIELD, JJ., concur.